By the Court,

Bronson, J.
It is not denied that the warrant to distrain would be good either with or without a seal; but it is insisted that there was a variance, because the warrant produced was under seal, and it had not been so described in the avowry. The cases on which the counsel rely are not applicable, and the objection is not well taken. Where the plaintiff declares in covenant, it must be expressly averred that the instrument was sealed, unless some word of art is used, such as indenture, deed or writing obligatory, which" of themselves import that the instrument was sealed (Van Sanford v. Sanford, 12 Johns. R. 197). The same rule would be applicable in pleading a release. It is not enough that the party pleading, calls the instrument a covenant, or a release; he must show that it was such in fact, by alleging that it was sealed. The rule has nothing to do with the question at variance between the matter alleged and the fact proved; but the question arises on the face of the pleading, and relates to its sufficiency in point of law. The other class of cases on which the counsel relied are equally inapplicable. Where the action is founded on a deed, the party must count on the deed itself. The common counts in debt will not answer. The only exception to this rule is, the action of debt for rent in arrear, where the demise was by deed (Atty v. Parish, 4 Bos. & Pul. 104; 1 Saund. 276, note 1). These cases do not proceed on the notion of a variance between the pleadings and the proof; but they rest on the principle, that where a deed is the gist and foundation of the action, the party must count on the instrument itself. He [419] must then make proferí of the deed, and the defendant may demand oyer before he is required to answer.
The affidavit must specify the amount of the rent due, and tin time for which it accrued (2 R. S. 501, § 8). In Marquissee v. Ormston (15 Wendell. 368), the affidavit only stated the amount due for rent on a peculiar day without mentioning any fact from which the time in which it accrued could *237 be inferred. The affidavit was held insufficient. But in this case, the affidavit states that the defendant was"justly indebted to the plaintiff in the sum of $100, for one quarter's rent due the first day of February last. This allegation fairly implies that the rent had accrued for the quarter of a year which immediately preceded the first day of February. This is the natural and most obvious import of the words. They would be so understood by every person acquainted with the relation between landlord and tenant, and the mode in which their business is usually transacted. The affidavit was sufficient.
Judgment affirmed.